**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 81 WAL 2021 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| RYAN MICHAEL DUNN, | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 8th day of March, 2022, the Petition for Allowance of Appeal is **GRANTED**, **LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues.

(1) Are the Superior Court's holdings that the Commonwealth (1) need not provide notice to a criminal defendant of its intent to call an expert witness pursuant to 42 Pa.C.S. § 5920 (relating to [e]xpert testimony concerning victim responses and behaviors) and (2) need not prepare and disclose a detailed expert report irreconcilable with the Superior Court's decision in *Commonwealth v. Cramer*, 195 A.3d 594 (Pa. Super. 2018) and this Honorable Court's decision in *Commonwealth v. Jones*, 240 A.3d 881 (Pa. 2020)? Are these same holdings inconsistent with the Pennsylvania Rules of Criminal Procedure and the Due Process provisions of the United States and Pennsylvania Constitutions?